GRUING v. RICHARDS.

Equity: CANCELLATION OF DEED. Where the evidence in an equitable proceeding to set aside a conveyance, showed that a father living in this State induced his daughter and her husband living in another State, to come and live with him, in consideration of which he intended to secure to her the use of his farm during his life, and the title to it upon his death, he being provided by her with a support, an *absolute* deed executed by him to her was so modified as to make his support chargeable on the land conveyed.

Gruing v. Richards.

*Appeal from Alamakee District Court.*

THURSDAY, DECEMBER 5.

PLAINTIFF, near sixty years of age and the father of the defendant Eliza Richards, by his petition in equity seeks to set aside a deed made to her of about one hundred acres of land on the 1st of October, 1864. The daughter, with her husband and co-defendant, resided in Illinois, but removed to her father's home a short time before the deed was made. It included all his real property, and upon it was his residence and some improvements. He claims that he is ignorant of our language; with difficulty understands either German or English, that he is aged and infirm, that in making this instrument he intended it as a will, that he so understood it, did not intend to deliver it, but designed that these his only children should have the property after his death if they would support him and improve the land, and with this view induced them to move to Iowa. He says that he had the deed in his possession, but that they obtained the same without his knowledge, or induced him to surrender it by threats and undue influence. The prayer is that the deed may be set aside and for general relief.

The answer is substantially in denial, insisting that the father agreed to deed them this land if they would give up their home in Illinois and live with or near him in Iowa; that the deed was made voluntarily and with a full knowledge of its contents. Defendants express a readiness to support and maintain plaintiff, but say that he is ill natured, abusing the daughter, etc.

Decree for plaintiff upon full testimony, and defendants appeal.

*Elijah Odell* and *Reuoen Noble* for the appellants.
VOL. XXIII.—37

*Camp & Watts* for the appellee.

WRIGHT, J. — The only point made is that the decree is not warranted by the evidence.   Our opinion after

*EQUITY: cancellation of deed.* reading the record is, that plaintiff never intended to part with the absolute control of his farm; that he designed his daughter should have it, and that it should be secured to her, but not absolutely during his life.   He is shown to be a foreigner, ignorant of our language and of the difference between a will and a deed.   Because he had confidence in his children, and believed that this instrument would not operate to divest him of all title, we believe he voluntarily delivered it, all the while intending, expecting and believing that they would give and secure to him a support and maintenance during his life.  The defendants too, in good faith intended this, and it was in fact a part of the contract and agreement upon which they obtained the title.

As not unfrequently occurs, the father has not at all times been as agreeable, quiet and amiable as they anticipated, and as he probably was in his younger days. They imagine that he is abusive; he has become burdensome beyond what they expected, while he does not find his new home as pleasant as he had hoped; the result being, that he denies any right in them to the land, while they claim it as theirs absolutely, without any charge or incumbrance.   We have no doubt, that it was a part of the inducement to their leaving their home and coming to Iowa, that they should have the land.   But the father was to have a home and support.

The bill charges, that defendants are attempting to sell the land, that they have no other property, and that there is danger of plaintiff becoming a pauper.   The decree is quite informal, finding generally for the plaintiff, in accordance with the prayer of his petition.

We think the better course is to remand the cause, that a decree may be entered setting aside the deed, or, at the defendants' election, permitting it to stand, making the support and maintenance of plaintiff, having regard to his reasonable wants and consistent with his health and condition, a charge on the land.

The court below will see that the decree is so framed as to adequately and fully secure and protect the rights of the parties.

Affirmed.